UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-22630-CIV-HUCK/O'SULLIVAN

ERZSEBET KOVACS,

    Plaintiff,
vs.

CARNIVAL CORPORATION,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the Plaintiff's Verified Motion for Attorney's Fees and Costs Based on Defendant's Improper Removal (DE # 24, 1/16/10). This cause was referred to the undersigned by the Honorable Paul C. Huck, United States District Judge for the Southern District of Florida, pursuant to 28 U.S.C. § 636(b). Having carefully considered the applicable filings and the law, the undersigned respectfully recommends that the Plaintiff's Verified Motion for Attorney's Fees and Costs Based on Defendant's Improper Removal (DE # 24, 1/16/10) be DENIED in accordance with this Report and Recommendation.

## BACKGROUND

The plaintiff filed the Plaintiff's Verified Motion for Attorney's Fees and Costs Based on Defendant's Improper Removal (DE # 24, 1/16/10) on January 16, 2010. The defendant filed a response on February 22, 2010, (DE # 38, 2/22/10) and the plaintiff filed a reply on March 15, 2010, (DE # 53, 3/15/10). The defendant filed a Motion to Bifurcate (DE # 38, 2/22/10) regarding the entitlement to fees and costs on February

22, 2010, and the plaintiff responded to the Motion to Bifurcate on March 15, 2010, (DE # 53, 3/15/10). On April 9, 2010, the defendant filed the Notice of Supplemental Authority in Support of Response in Opposition to Plaintiff's Verified Motion for Attorneys' Fees and Costs (DE # 55, 4/9/10). On April 20, 2010, the undersigned granted the motion to bifurcate (DE # 56, 4/20/10).

On August 12, 2009, the plaintiff initiated this action against the defendant in state court. The defendant, Carnival Corporation (Carnival), removed the action to this court on September 3, 2009, on the basis of the Seafarer's Agreement entered into by the parties. The defendant asserted that the Seafarer's Agreement was subject to Title 9 U.S.C. § 205 and the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, and that the Seafarer's Agreement required arbitration of the plaintiff's claims under Panamanian law. On October 2, 2009, the plaintiff filed a Motion to Remand based on Thomas v. Carnival, 573 F.3d 1113 (11th Cir. 2009), arguing that the arbitration clause was unenforceable regarding the statutory claims made by plaintiff because the arbitration clause deprived the plaintiff of both her Jones Act and Wage Act claims, which violates United States public policy. The defendant argued in opposition to the plaintiff's Motion to Remand that Thomas v. Carnival, 573 F.3d 1113 (11th Cir. 2009) was inapplicable to the plaintiff's non-statutory causes of action and the plaintiff's Jones Act cause of action. In support of its position and in an attempt to distinguish Thomas v. Carnival, 573 F.3d 1113 (11th Cir. 2009) from this case, in the response to the Motion to Remand, the defendant put forth law from Panama indicating that the Panamanian law provided remedies to the plaintiff in place of her statutory

claims.

A hearing was held in this case on the Motion to Remand before the Honorable Judge Huck on December 17, 2009, and an Order granting the Motion to Remand was docketed on December 21, 2009 (DE # 19). The Order on the Motion to Remand stated that at the oral argument on December 17, 2009, before Judge Huck, the

> Defendant conceded, for the first time, that Panamanian law does not provide seaman with a reasonable equivalent to the rights provided by the Seaman's Wage Act, 46 U.S.C. § 10313. Defendant also agreed that, pursuant to Thomas v. Carnival Corp., 573 F.3d 1113 (11th Cir. 2009), it would be inappropriate to arbitrate a Seaman's Wage Act using Panamanian law, because to do so would effectively deprive the claimant of the rights provided by the Seaman's Wage Act, thereby violating U.S. public policy. Accordingly, Defendant stipulated to the application of U.S. law for Plaintiff's Seaman's Wage Act claim.

"Order on Motion to Remand" (DE # 19, 12/21/09) at p. 1.

The Order on the Motion to Remand also points out that "Defendant contends that *Thomas* does not preclude the application of Panamanian law in the arbitration of other U.S. statutory rights, such as those provided by the Jones Act, 46 U.S.C. § 30104. Plaintiff contends otherwise. The Court agrees with Plaintiff." "Order on Motion to Remand" (DE # 19, 12/21/09) at p. 1. Judge Huck concluded that "Panamanian law does not provide seaman with a reasonable equivalent to the U.S. statutory right provided by the Jones Act to recover damages from an employer for an injury stemming from the negligence of a fellow crew member." The Court found that "it would be against public policy to compel arbitration of Plaintiff's Jones Act claim

3

according to Panamanian law because to do so would deprive her of important statutory rights provided by Congress to effectuate public policy." Judge Huck also found that "it would be inefficient, and improper, to bifurcate Plaintiff's Jones Act and/or Seaman's Wage Act claims, and then compel arbitration of Plaintiff's other non-statutory claims for unseaworthiness and failure to provide maintenance and cure." "Order on Motion to Remand" (DE # 19, 12/21/09) at p. 2.  Accordingly, Judge Huck granted the Motion to Remand.

### ANALYSIS

The defendant argues that the plaintiff is not entitled to recover fees and costs in this matter because the defendant had an objective basis for removal in this case.

The defendant argues that the "[p]laintiff is not entitled to attorney's fees and costs because relevant case law is unsettled and unclear regarding the enforcement of Defendant's agreement to compel arbitration." "Response to Plaintiff's Motion for Attorney's Fees and Costs and Incorporated Memorandum and Motion to Bifurcate" (DE # 38, 2/22/10) at p. 4.  The defendant asserts that Title 9 U.S.C. § 205 permits removal from state to federal court when the action in the state court is an action relating to an agreement for arbitration or is for an award that comes under the Convention.  According to the defendant, in this case, "the parties' relationship is controlled by a Seafarer's Agreement that requires arbitration under the Convention." "Response to Plaintiff's Motion for Attorney's Fees and Costs and Incorporated Memorandum and Motion to Bifurcate" (DE # 38, 2/22/10) at p. 4.

Citing to Martin v. Franklin Capital Corporation, 546 U.S 132, 141 (2005), the

4

defendant argues that "[f]ees and costs for improper removal are found only when there is no 'objectively reasonable basis for seeking removal.'"

On April 9, 2010, the defendant filed their Notice of Supplemental Authority in Support of Response in Opposition to Plaintiff's Verified Motion for Attorneys' Fees and Costs (DE # 55, 4/9/10). The defendant attached a March 30, 2010, ruling by Judge Huck on a Motion to Remand and a Motion to Dismiss and Compel Arbitration in the case of <u>Rivas v. Carnival Corp.</u>, Case No. 09-23628-Civ-Huck, in which Judge Huck denied the Motion to Remand and granted the Motion to Dismiss and to Compel Arbitration. In the <u>Rivas</u> case, Judge Huck ordered that the "matter shall be arbitrated pursuant to the Employment Agreement, with the provisos that U.S. law shall apply to Plaintiff's Jones Act claim".

The plaintiff asserts that the defendant confuses the objectively reasonable basis for seeking removal standard with the defendant's own belief that the <u>Thomas</u> case was decided incorrectly.

The undersigned finds that, the defendant had an objective basis for the removal of this action to federal court. The defendant had an objective reason to believe that the Seafarer's Agreement was subject to Title 9 U.S.C. § 205 and the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, and that the Seafarer's Agreement required arbitration of the plaintiff's claims under Panamanian law. The defendant also had an objectively reasonable basis for the belief that <u>Thomas</u> does not preclude the application of Panamanian law in the arbitration of other U.S. statutory rights, such as those provided by the Jones Act, 46 U.S.C. § 30104. The undersigned

5

also finds that the March 30, 2010, ruling by Judge Huck in Rivas v. Carnival Corp., Case No. 09-23628-Civ-Huck, in which Judge Huck denied the Motion to Remand and granted the Motion to Dismiss and to Compel Arbitration, further demonstrates that the defendant had a reasonable basis for the belief that removal was proper in this case.

Because the undersigned finds that the removal by the defendant was objectively reasonable, the undersigned recommends that no fees and costs be awarded to the plaintiff and that the Plaintiff's Verified Motion for Attorney's Fees and Costs Based on Defendant's Improper Removal (DE # 24, 1/16/10) be denied.

## **RECOMMENDATION**

For the foregoing reasons, the undersigned recommends that the Plaintiff's Verified Motion for Attorney's Fees and Costs Based on Defendant's Improper Removal (DE # 24, 1/16/10) be **DENIED** and that the plaintiff not be awarded attorney's fees and costs in this matter.

The parties have 14 days from the date of receipt of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Paul C. Huck, United States District Court Judge.  Failure to file objections timely shall bar the parties from attacking on appeal the factual findings contained herein.  LoConte v. Dugger, 847 F. 2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958, 109 S.Ct. 397 (1988); RTC v. Hallmark Builders, Inc., 996 F. 2d 1144, 1149 (11th Cir.

1993).

RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida this 11th day of May, 2010

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
United States District Judge Huck
All Counsel of Record